CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 2 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY WILLIAMS, | ) | CASE NO. 7:12CV00572 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DEPARTMENT OF CORRECTIONS, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Michael Anthony Williams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials violated prison policy and deprived him of federal due process protections in connection with disciplinary charges he faced. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Williams alleges the following sequence of events on which he bases his claims. On December 9, 2011, Officer M. Sensabaugh reported an incident of indecent exposure by Williams about 9:30 a.m., noting on the report that she thought she had seen Williams engaging in similar behavior earlier the same morning. Based on Sensabaugh's report, Officers K. Campbell and Sgt. Plogger came to the cell block and without answering Williams' questions, escorted him to prehearing detention. Williams also alleges that Campbell and Plogger slandered his name, assassinated his character, and denied him the right to a fair trial.

Later that day, Lt. J. E. Glover issued a report charging Williams with a disciplinary offense and making a penalty offer, which Williams rejected. Hearing Officer Hostetter conducted a hearing on this charge on December 14, 2011. Hostetter would not allow Williams

to question any of the witnesses about events that occurred before the 9:30 a.m. incident on December 9, 2011, that was the basis for the charge; denied Williams' requests to introduce documentary evidence; and took part in slander by allowing Sensabaugh to correct her incomplete charge against Williams. Williams contends that Hostetter's actions showed her bias in favor of the female reporting officer and prevented him from presenting his defense. Hostetter found Williams guilty of the charge and imposed a penalty of 30 days of disciplinary segregation. Williams was also referred for a classification proceeding.

Major A. E. Mullins approved Hostetter's actions, slandered Williams' name, and told him he could appeal the disciplinary conviction. When Williams appealed to Warden Jennings, pointing out numerous rule violations, Jennings denied the appeal, noting that the appeal was not intended as a retrial of the case. Williams attempted to appeal Jennings' ruling to a Virginia Department of Corrections ("VDOC") administrator in Richmond, but George Hinkle, a VDOC regional director located in Roanoke, "intercepted" Williams' appeal and upheld Jennings' ruling.

Williams filed this § 1983 complaint in November 2012 against Officers Sensabaugh, Campbell, Plogger, Glover, Hostetter, Mullins, Jennings, and Hinkle, claiming due process violations, slander, and rules violations. Williams seeks monetary damages and injunctive and declaratory relief.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights

guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Williams' allegation that the defendants slandered or defamed him must be summarily dismissed under § 1915A(b)(1). Alleged defamation is not sufficient to state §1983 claim, absent showing that it caused injury to plaintiff's constitutionally protected right. Paul v. Davis, 424 U.S. 693 (1976). Williams makes no such showing here.

Williams also has no due process claim actionable under § 1983. When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, state prison regulations may create liberty interests, which are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Court in Sandin specifically found that because the disciplinary penalty of segregated confinement imposed in that case did not exceed similar, but totally discretionary confinement in either duration or degree of restriction, this penalty did not implicate any federally protected liberty interest. Id. at 486-87. If the category of confinement that an inmate challenges does not impose atypical hardship on the inmate, then he has no federally protected liberty interest and he is not entitled to federal due process protections before prison officials may impose that form of

confinement. Moreover, a state's failure to abide by its own procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Williams' submissions indicate that the penalty imposed as a result of the challenged disciplinary proceedings was the 30-day term of segregated confinement. Williams does not allege facts demonstrating that conditions in segregation posed any atypical hardship on him so as to create a protected liberty interest under Sandin. Because Williams thus fails to demonstrate that he was entitled to federal due process protections during the disciplinary proceedings, he also fails to show that the defendants' alleged actions related to the disciplinary charge violated his constitutional rights in any respect. Williams has no independent § 1983 claim arising from his allegations that the defendants violated numerous VDOC regulations related to the disciplinary charge, hearing, and appeal. Riccio, 907 F.2d at 1469. For these reasons, the court will dismiss Williams' § 1983 claims without prejudice, pursuant to § 1915A(b)(1), as frivolous.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22nd day of January 2013.

/s/ James C. Turk
Senior United States District Judge

---

[1] The court declines to exercise supplemental jurisdiction over any state law claims related to plaintiff's allegations in this action, pursuant to 28 U.S.C. § 1367(c), and dismisses all such claims without prejudice.